Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ADA LUGO PAZ, ET ALS.  **Peticionario**  V.  ISLAND X-RAY, ET ALS.  **Recurrida** | TA2026CE00460 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón  Civil Núm. D PE1993-0015  Sobre: INJUNCTION-CLÁSICO |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de mayo de 2026.

El 6 de abril de 2026, el Sr. Harold Fernández Lugo (señor Fernández o peticionario) compareció ante nos mediante *Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 6 de febrero de 2026 y notificó el 10 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la solicitud de reconsideración que presentó el peticionario. En consecuencia, dejó sin efecto la *Sentencia* dictada el 21 de octubre de 2025 y emitió una Sentencia Parcial ese mismo día. Además, expresó que, el caso continuaría en cuanto al pleito pendiente (D AC2006-1528). Por último, ordenó a las partes presentar un informe de conferencia con antelación al juicio preliminar enmendado, ajustado únicamente a las controversias vigentes, sin incluir asuntos o prueba que no estuvieran en el informe original de 1 de diciembre de 2021.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

Debido al extenso trámite procesal que ha tenido este caso, en el cual incluso se han presentado varios recursos ante este Tribunal de Apelaciones, nos limitamos a exponer a continuación únicamente aquellos hechos pertinentes a la controversia que se nos solicita resolver.

La demanda del caso EAC2005-0573 fue presentada el 7 de diciembre de 2005 por el señor Fernández, la Sra. Marie Luz Santos Mojica y la Sociedad Legal de Gananciales compuesta entre ambos ante el TPI, Sala de Caguas, y posteriormente trasladada a la Sala de Bayamón bajo el número AC2006-1528.[1] La acción se presentó contra varios demandados, incluyendo el Sr. Herodes Fernández Rosario, el Sr. Edgar Fernández Lugo, el Sr. Carlos Torres, la Sra. Ada Lugo Paz, el Sr. Henry Fernández Lugo y la corporación Island X-Ray, Inc., por reclamaciones relacionadas con la Ley de Corporaciones, incumplimiento de contrato, daños y perjuicios, así como la solicitud urgente de remedios al amparo de la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V., R. 57.

El 6 de febrero de 2026, el TPI emitió una *Resolución* que se notificó el 10 de febrero de 2026 mediante la cual declaró Ha Lugar la solicitud de reconsideración que presentó el peticionario el 5 de noviembre de 2025.[2] En consecuencia, dejó sin efecto la *Sentencia* dictada el 21 de octubre de 2025 y emitió una Sentencia Parcial. Además, expresó que, el caso continuaría en cuanto al pleito pendiente (D AC2006-1528). Por último, ordenó a las partes presentar un Informe de Conferencia con Antelación al Juicio enmendado, ajustado únicamente a las controversias vigentes, sin incluir asuntos o prueba que no estuvieran en el informe original de 1 de diciembre de 2021.

---

[1] *Véase*, págs. 12-18 del apéndice del recurso, SUMAC TA.
[2] *Véase*, págs. 1-2 del apéndice del recurso, SUMAC TA.

Inconforme, el 25 de febrero de 2026, el señor Fernández presentó una solicitud de reconsideración.[3] Expuso que, mediante el referido dictamen, el TPI apercibió que, el informe preliminar entre abogados enmendado no debería contener materia ni prueba que no hubiese sido previamente incluida en el informe presentado el 1 de diciembre de 2021. Argumentó que el referido apercibimiento limitaba de forma irrazonable sus derechos bajo la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R.13.1 la cual establece que las enmiendas a las alegaciones deben concederse liberalmente con el fin de que los casos se ventilen en sus méritos.

Sostuvo que procedía enmendar la demanda para incluir como partes a las esposas de los codemandados el Sr. Herodes Fernández Rosario, el Sr. Edgar Fernández Lugo y el Sr. Henry Fernández Lugo, así como a las correspondientes Sociedades Legales de Gananciales. Afirmó que dicha enmienda no alteraba las causas de acción ni dilataba los procedimientos, ni ocasionaba perjuicio indebido a la parte demandada, ya que las alegaciones esenciales permanecían inalteradas.

Asimismo, expresó que la demora en solicitar la enmienda obedecía a la naturaleza prolongada del litigio, así como a circunstancias personales y familiares que afectaron su representación legal y continuidad procesal, incluyendo una emergencia médica de extrema gravedad que requirió reubicación fuera de Puerto Rico. Finalmente, reiteró que la inclusión de las esposas y las sociedades de gananciales no ocasionaba perjuicio alguno a la parte demandada, toda vez que estas personas habían tenido conocimiento del litigio y habían participado directa o indirectamente en los hechos controvertidos. En consecuencia, solicitó que se declarara con lugar la solicitud de reconsideración y

---

[3] *Véase,* págs. 3-8 del apéndice del recurso, SUMAC TA.

se autorizara la enmienda del Informe de Conferencia con Antelación al Juicio, a los fines de incluir como partes a las esposas de los codemandados y a sus respectivas Sociedades Legales de Gananciales.

Evaluada esta solicitud de reconsideración, el 5 de marzo de 2026, el TPI dictó una *Resolución* que se notificó el 6 de marzo de 2026 declarándola No Ha Lugar.[4] Aún en desacuerdo, el peticionario presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al limitar en su Resolución del 6 de marzo de 2026 las enmiendas a las alegaciones que excluyera materia o prueba que no haya sido incluida en el informe presentado el 1ro de diciembre de 2021, en contravención a lo establecido en la ley y la jurisprudencia, específicamente en cuanto a incluir como partes codemandadas a las esposas y correspondientes sociedades legales de bienes gananciales.**

Atendido el recurso, el 16 de abril de 2026 emitimos una *Resolución* concediéndole a la parte recurrida hasta el 24 de abril de 2026 para presentar su postura en cuanto al recurso. Oportunamente, la parte recurrida presentó su *Solicitud de Desestimación y/o Alegato en Oposición* […]. Ante ello, le concedimos al peticionario un término para expresarse en cuanto a la solicitud de desestimación. En cumplimiento con nuestra orden, el señor Fernández presentó su postura en cuanto a la solicitud de desestimación. Evaluadas las posturas de ambas partes, emitimos una *Resolución* declarando No Ha Lugar a la solicitud de desestimación.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

---

[4] *Véase*, pág. 10 del apéndice del recurso, SUMAC TA.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ___ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Luego de examinar la totalidad del expediente ante nuestra consideración, a la luz de los criterios de la Regla 40 del Tribunal de

Apelaciones, *supra*, no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *Certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones